S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@fbtlaw.com
JACOB M. CLARK  (CA Bar No.266630)
jclark@fbtlaw.com
FROST BROWN TODD LLP
1 MacArthur Place, Suite 200
Santa Ana, CA  92707
Tel:  (714) 852-6800
Fax:  (714) 852-6899

Attorneys for Defendant
NETJETS SERVICES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keith Feder, M.D., Inc.,<br><br>  Plaintiff,<br><br>v.<br><br>NetJets Services, Inc. and DOES 1-10,<br><br>  Defendant. | **CASE NO.:**<br><br>**JUDGE:**<br><br>**NOTICE OF REMOVAL BY DEFENDANT NETJETS SERVICES, INC.**<br><br><br>(Superior Court of California, County of Los Angeles, Case No. 23STLC04725) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** defendant NetJets Services, Inc. ("NetJets" or "Defendant"), by its attorneys, respectfully files this Notice of Removal, 28 U.S.C. §§ 1441 *et seq.*, to remove the above-captioned matter from the Superior Court of the State of California for the County of Los Angeles, in which the case is now pending, to the United States District Court for the Central District of California.  In support thereof, Defendant states as follows:

1. On or about July 27, 2023, plaintiff Keith Feder, M.D., Inc. ("Plaintiff") filed its complaint ("Complaint") against Defendant asserting claims for: 1) negligent misrepresentation; 2) promissory estoppel; and 3) enforcement under 29 U.S.C. § 1132(a)(1)(B) for failure to pay ERISA plan benefits. A true and correct copy of the Complaint is attached hereto as Exhibit "1."

2. Purportedly, Defendant was personally served on July 28, 2023 by serving "CSC". A True and correct copy of the Proof of Service of the Summons and Complaint on Defendant is attached hereto as Exhibit "2."

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because it is filed within thirty days after the alleged service of the Summons and Complaint on Defendant. Copies of the filings as noted in paragraphs 1-2 above are attached to this Notice as required by 28 USC § 1446(a). Defendant has not received any other process, pleadings or orders.

4. This action is a civil action on which this Court has original jurisdiction under 28 USC § 1331, and is one which Defendant may remove to this Court pursuant to 28 USC § 1441(a). The action arises from the laws of the United States, because in the Complaint, Plaintiff contends that defendants improperly refused to pay for certain medical care that was received by a patient of Plaintiff, and Plaintiff, as a medical provider, is seeking to recover benefits under the Employee Retirement Income Security Act of 1974 ("ERISA") for medical services purportedly provided to a patient identified in the Complaint who is purportedly a member of the subject employee welfare benefit plan. *See* the Complaint, ¶¶ 27-60.

5. Because this action involves a claim, *inter alia*, to recover the costs of medical care provided to a participant in an employee welfare benefit plan, it is governed by ERISA. Under ERISA, this Court has concurrent original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

6. Under the United States Supreme Court decisions in *Metropolitan Life Ins. Co. v Taylor,* 481 U.S. 58 (1987) and *Pilot Life Ins. Co. v Dedeaux,* 481 U.S. 41 (1987),

the allegations in the Complaint are sufficient to bring this case within the provisions of ERISA, which provides the exclusive remedy for actions within its scope and preempts all other remedies. *See also* 29 U.S.C. § 1144.

7. Additionally, to the extent Plaintiff has alleged any state law cause of action that are not completely preempted by ERISA, this Court may properly exercise supplemental jurisdiction over such claims. See *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997); 28 U.S.C. §§ 1367, 1441(c). All of Plaintiff's claims arise out of the same common nucleus of operative facts, i.e., Plaintiff's alleged failure to obtain ERISA plan benefits. (See 28 U.S.C. § 1367; *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) ["Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is 'a common nucleus of operative fact between the state and federal claims"].

8. Defendant will give written notice of the filing of this Notice of Removal to Plaintiff, through its counsel, and will file a copy of this Notice of Removal with the Superior Court of the State of California for the County of Orange, as required by 28 U.S.C. § 1446(d).

9. No consent is necessary as to Does 1 through 10 because, upon information and belief; those defendants have not been named or served. Thus, no consent to removal is necessary as to the remaining defendants and Does 1 through 10.

10. Payment of the appropriate fees and costs for removal and docketing of this matter in federal court, if any, are tendered with this Notice.

WHEREFORE, Defendant respectfully requests that this action proceed in this Court as an action properly removed hereto.

DATED: August 24, 2023          FROST BROWN TODD LLP

By: /s/ S. Christopher Yoo
S. CHRISTOPHER YOO
JACOB M. CLARK
Attorneys for Defendant
NETJETS SERVICES. INC..

0121250.0775718  4888-7847-2058v1